IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS CHITTICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-461-NJR |
| | ) |
| RACHAEL DODD, JOSH LANE, and PHIL MARTIN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Nicholas Chittick, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Chittick alleges he is being denied adequate medical care for his chronic condition, in violation of the Eighth Amendment. In addition to his Complaint, Chittick also filed a motion for preliminary injunction (Doc. 2) seeking admittance to a medical facility where he can be properly diagnosed.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Chittick makes the following allegations: Chittick previously suffered a cervical spinal injury due to a compression caused by two herniated discs. He had surgery on his spine in January 2019 but was left with permanent neurologic injury and dysfunction because of the severity and duration of the compression (Doc. 1, p. 6). He suffers from a number of medical issues including decreased gastric motility, constipation, abdominal pain, blood in his urine and stool, lower back pain, severe spasticity in the lower extremities, inability to initiate a urine stream, and an inability to empty his bladder (*Id*. at p. 6). In June 2021, he saw gastroenterologist Dr. Nayani about some of his issues. Dr. Nayani recommended a gastric emptying study (*Id*.). In July 2021, he saw urologist Dr. Phan who verified that Chittick retained a full bladder post-urination. She recommended further diagnostic studies. In 2022, Dr. Poor, the medical doctor at Robinson Correctional Center, recommended a urology and cardiology consult for further diagnosis. As of the date of his Complaint, none of those recommendations have been implemented. On January 27, 2023, Chittick had another appointment with Dr. Phan. Evaluations were again recommended, but those tests have not yet been scheduled by the prison.

Chittick maintains that healthcare at Robinson Correctional Center is sub-par. He alleges that Dr. Poor quit working at Robinson in protest for the inadequate care. Chittick maintains that, without a doctor at the prison, prescriptions for his medications have

lapsed and not been refilled, and his lower bunk permits have also lapsed. He notes another inmate recently died when treatment was denied (*Id.*).

Chittick alleges that he is in imminent danger of a ruptured bladder due to issues with his ability to empty his bladder. In his motion for preliminary injunction, he seeks an order compelling defendants to admit him to Memorial Medical Center or another facility in order to obtain the diagnostic testing that was previously recommended (Doc. 2, p. 2). He notes that he filed an emergency grievance on December 20, 2022, but the grievance process is not yet complete. He alleges that he felt his condition was serious and that his condition needed immediate care such that he could not wait for the exhaustion process to be completed (Doc. 1, p. 4).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment deliberate indifference claim for the failure to approve or schedule any diagnostic testing for Chittick.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Simply put, there are a number of issues with Chittick's Complaint. Although he lists Warden Rachel Dodd, Josh Lane, and Phil Martin as defendants in the case, he fails to include any allegations against them in his statement of the claim. He indicates that Josh Lane is the medical records supervisor and scheduling officer in charge of scheduling outside consultations, but he fails to allege that Lane failed to schedule any approved appointments. He alleges that Phil Martin is the healthcare unit administrator and Dodd is warden, but he fails to allege that either individual participated in his care decisions. There are simply no allegations in the Complaint suggesting that these individuals were deliberately indifferent in any treatment that Chittick did—or did not—receive. Nor is there any indication that he specifically spoke with them about his care or condition.

The Court also notes that there might be an issue with Chittick's failure to exhaust his administrative remedies prior to filing suit. Chittick acknowledges that he has not fully exhausted his administrative remedies. His attached grievance (Doc. 2, pp. 9-10) indicates that his grievance was deemed an emergency and denied on January 11, 2023 (*Id.*). The grievance officer noted that Chittick was scheduled for a follow-up consult with a urologist, and the prison was waiting on a call from the Heart and Vascular Department

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

at Carle Hospital to schedule a stress echo (*Id.* at p. 10). Chittick signed his appeal to the Administrative Review Board on January 17, 2023. He acknowledges that the appeal is still pending.

Exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). An emergency, or imminent danger, does not exempt an inmate from exhausting his administrative remedies. The Seventh Circuit has recognized, however, that under very limited circumstances, an inmate's need for a remedy may be so dire that an administrative process could not sufficiently address the need in a timely matter, thus making the process unavailable. *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1173 (7th Cir. 2010). Chittick does allege that his condition is serious and demands immediate intervention from the Court. He states he is in "imminent danger" of a ruptured bladder. While it appears that Chittick seeks to proceed under the unavailability exception to the exhaustion requirement, neither his Complaint nor his motion for injunctive relief indicates that he faces such a risk. In fact, his Complaint alleges that he has had issues with urinary retention since at least 2021 (Doc. 1, p. 6). Nothing in the Complaint or the motion suggests that his condition has changed such that he now requires immediate care. He alleges that he is in imminent danger of a ruptured bladder and sepsis but nothing in his filings suggest that he is at risk of such harm. He was previously seen by a gastroenterologist and urologist, but there is no indication that Chittick was informed that he faced such a risk. Nor is there any indication that these providers suggested immediate care.

Accordingly, the Court finds that Chittick fails to state a claim. He fails to allege that the identified defendants participated in his care, and there is no indication at this time that he is in imminent danger. In fact, he recently had a urology follow-up and is going to be scheduled for a stress echo (Doc. 2, p. 9). His Complaint is, thus, dismissed without prejudice, and his motion for preliminary injunction (Doc. 2) is denied.

Chittick will be granted leave to amend his Complaint. He is reminded that his Amended Complaint should indicate each defendant's alleged involvement in his care and allege how the individual's actions amount to deliberate indifference. He would also need to indicate why he believes he is in imminent danger.

## Disposition

For the reasons stated above, Chittick's Complaint is **DISMISSED without prejudice**, and his motion for preliminary injunction (Doc. 2) is **DENIED**.

Chittick is **GRANTED** leave to file a "First Amended Complaint" on or before **March 14, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Chittick's three allotted "strikes" under 28 U.S.C. § 1915(g). Should he choose to file a First Amended Complaint, Chittick may also re-file his motion for preliminary injunction at that time.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Chittick must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Chittick is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 14, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**